THE ATLANTA AND CHARLOTTE AIR-LINE RAILWAY COM-
PANY vs. HOLCOMBE & COMPANY.

Where suit was brought against a railroad company for damages, re-
sulting from a failure to transport certain wood, which had been
placed along the line of defendant's road for transportation, and
where the testimony for the plaintiffs tended to show that, after
they had notified and applied to the company to transport their
wood, the defendant furnished transportation to other parties en-
gaged in the same business and who had applied therefor after the
plaintiffs had done so, and that, by reason of such failure, the wood
depreciated in value, and they sustained loss; and where the tes-
timony for the defendant was a denial of these facts, and tended
to show that it did not have the means to transport the wood,
owing to the pressure of general business on the road, after a ver-
dict for the plaintiffs, the presiding judge did not abuse his discre-
tion in refusing to grant a new trial on the ground that the verdict
was contrary to law and without evidence to support it.

March 23, 1886.

Railroads. Damages. Negligence. New trial. Before
Judge MARSHALL J. CLARKE. City Court of Atlanta.
September Term, 1885.

Holcombe & Co. brought their action against the At-
lanta and Charlotte Air-Line Railway Co., alleging, in
brief, as follows: Plaintiffs were engaged in the business
of buying wood along the line of defendant's road, having
it cut and shipped to Atlanta for sale. During the fall of
1880, plaintiffs cut and offered to defendant for shipment
1,200 cords of wood, it being placed beside the track where
it was usual and customary to receive it. Part of it was
ready for shipment by September 1, and all of it by Octo-
ber 15. Plaintiffs applied frequently to have the wood
carried to Atlanta, and were frequently promised that it
should be done, but being unable to obtain transportation,
they sold the wood on November 12. It brought $2 per
cord less than it was worth in Atlanta, besides freight.
About a month later, plaintiffs again began to cut wood
for shipment and sale, but before doing so made an agree-

ment with the authorized agent of the defendant that the wood should be promptly shipped. In pursuance of this agreement, plaintiffs bought 2,000 cords of wood, and prepared to cut and ship it. They began offering to ship in December, but defendant failed to carry it. Finally defendant's agent promised certainly to ship it on February 15, but in the meantime, the wood had accumulated on plaintiffs' hands, and they were compelled to provide an additional place for it and to incur expense therefor. No wood was shipped until in January, 1881; and then the market was glutted and the price depreciated. Plaintiffs were compelled to sell at a less price than it would have brought at the time when offered for shipment.

On the trial, the evidence was conflicting, and is sufficiently stated in the decision. The jury found for the plaintiffs $2,500. Defendant moved for a new trial on the ground that the verdict was contrary to law, evidence and the charge of the court. The motion was overruled, and the defendant excepted.

Hopkins & Glenn, for plaintiff in error.

Hoke & Burton Smith, for defendants.

Blandford, Justice.

Defendants in error brought their action against the plaintiff in error and recovered a judgment. A motion for new trial was made, upon the ground alone that the verdict of the jury was against the law and without evidence to support it. The court refused to grant the new trial prayed for, and the railway company excepted; and bring the case here for review. The main question between the parties in the courts below arose upon the issue as to whether the railway company had sufficient means at their command to transport certain wood of defendants in error, which had been placed upon their line of road, to Atlanta, conveniently without interfering with the general

business of the road. The defendants in error, who were the plaintiffs in the court below, introduced evidence to show that, after they had notified and applied to plaintiff in error to transport their wood to Atlanta, the railway company furnished transportation to other parties who were engaged in the same business, and who had applied to the company for such transportation after defendants in error had so applied, and that, by the failure of the company to furnish such transportation, their wood had depreciated in value, and they had sustained damage.

The railway company introduced evidence to show that they did not have the means to transport the wood of defendants in error, owing to the pressure of general business on their road, and denied generally the facts shown by defendants in error. So the parties were squarely at issue on the main point. The judges of the superior courts alone, under the laws of this state, have power to grant new trials in their discretion. This discretion is not arbitrary, plenary or dispensary, but it is a discretion to be exercised according to legal principles. The court below having exercised the discretion vested in him by law legally by refusing a new trial in this case, his decision must be affirmed.